IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACKIE STEWART,

    Petitioner,                   No. CIV S-07-1157 FCD DAD P

    vs.

D.K. SISTO, Warden,

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

**PRELIMINARY SCREENING**

        On June 15, 2007, petitioner commenced this action by filing a petition for writ of habeas corpus, claiming that the California state courts "failed to give any opinion in their denials of his petition for writ of habeas corpus" thereby violating his rights under the Eighth Amendment and Fourteenth Amendment and state law.  (Pet. at 5.)

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## ANALYSIS

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

In this case, petitioner was convicted in state court with burglary, robbery, and being armed with a weapon or knife. (Pet. at 2.) However, petitioner does not challenge his judgment of conviction. Rather, as noted above, petitioner's sole claim is that the California state courts issued summary denials of his state habeas petitions in violation of his rights under the United States Constitution and state law. (Id. at 5.)

Petitioner is advised that there is no federal constitutional prohibition preventing state courts from disposing of his post-conviction claims in a summary fashion. Nor is there a federal requirement that state courts consider post-conviction claims with a full discussion of the merits. In fact, absent citation to authority or the existence of a lower state court decision relying on procedural grounds, this court presumes that the California Supreme Court's denial of a habeas petition without comment or citation constitutes a decision on the merits. See Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) ("There is now no reason to suppose that a postcard denial without opinion is indicative of anything but a decision on the merits of the

1 petition, except where a citation in the order tells us so."). See also Hunter v. Aispuro, 982 F.2d 344, 346-47 (9th Cir. 1992) ("California Supreme Court's denial of habeas petition without comment or citation constitutes a decision on the merits of the federal claims").  Thus, petitioner's sole claim in this action regarding alleged error in connection with his state post-conviction review process fails to raise a federal constitutional question and is not addressable through federal habeas proceedings.  See Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989).  Accordingly, petitioner's federal petition fails to state a cognizable claim and should be dismissed.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed for failure to state a cognizable claim; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stew1157.156