IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACKIE STEWART,

      Petitioner,                        No. CIV S-07-1157 FCD DAD P

    vs.

D.K. SISTO, Warden,

      Respondent.                      ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

        On October 20, 2008, the undersigned issued findings and recommendations, recommending dismissal of this action for failure to state a cognizable claim.  Specifically, petitioner's sole claim was that the California state courts "failed to give any opinion in their denials of his petition for writ of habeas corpus" thereby violating his rights under the Eighth Amendment and Fourteenth Amendment and state law.  (Pet. at 5.)  The court advised petitioner that there is no federal constitutional prohibition preventing state courts from disposing of his post-conviction claims in a summary fashion.  Nor is there a federal requirement that state courts consider post-conviction claims with a full discussion of the merits.  In fact, absent citation to authority or the existence of a lower state court decision relying on procedural grounds, this court

presumes that the California Supreme Court's denial of a habeas petition without comment or citation constitutes a decision on the merits.  See Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) ("There is now no reason to suppose that a postcard denial without opinion is indicative of anything but a decision on the merits of the petition, except where a citation in the order tells us so."); see also Hunter v. Aispuro, 982 F.2d 344, 346-47 (9th Cir. 1992) ("California Supreme Court's denial of habeas petition without comment or citation constitutes a decision on the merits of the federal claims").

Petitioner has filed timely objections to the court's findings and recommendations.  Therein, he claims that he was erroneously advised that "all I had to do to get federal review of all my claims was to cite the first claim in my state petition and attach it to the federal petition."  Presumably, petitioner believed that the other claims he asserted in his state habeas petition would be incorporated through attachment to his federal petition.  Good cause appearing, the court will vacate its findings and recommendations and grant petitioner thirty days leave to file an amended petition that contains all of his claims.

Petitioner is advised that the court requires all petitions for writ of habeas corpus be filed on the proper form which is provided by this court.  Moreover, the court may limit its review of the petition for relief to the information on the form only and need not consider any memoranda or attachments to the petition.  See Rule 2(c), Rules Governing § 2254 Cases.  Although petitioner may submit a separate memorandum to support his petition for relief, the court's application form must contain all relevant claims, and must provide the court with all necessary information.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The court's October 20, 2008 findings and recommendations are vacated;

2. Within thirty days of the date of service of this order, petitioner shall file an amended petition.  Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form.  It must bear the case number assigned to

this action and must bear the title "Amended Petition." Failure to file an amended petition in accordance with this order will result in a recommendation for dismissal of this action; and

3. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

DATED: December 9, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stew1157.vac

3