IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACKIE STEWART,

    Petitioner,                      No. CIV S-07-1157 FCD DAD P

    vs.

D.K. SISTO, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se. In accordance with the court's December 10, 2008 order, petitioner has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

/////

1

answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

Moreover, the Ninth Circuit has held that a district court may dismiss <u>sua sponte</u> a habeas petition on the grounds that it is untimely under the statute of limitations so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042 (9th Cir. 2001). These findings and recommendations are intended to notify petitioner of the court's intention to dismiss the instant petition in part because it is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). If petitioner desires to respond and demonstrate to the court that he has filed this action within the applicable statute of limitations or is eligible for tolling of the limitations period, he may do so by filing objections to these findings and recommendations.

**PROCEDURAL HISTORY**

Petitioner commenced this action by filing a petition for writ of habeas corpus, claiming that the California state courts "failed to give any opinion in their denials of his petition for writ of habeas corpus" thereby violating his rights under the Eighth Amendment, the Fourteenth Amendment, and state law. On October 20, 2008, the undersigned issued findings and recommendations, recommending dismissal of this action because there is no federal constitutional prohibition preventing state courts from disposing of post-conviction claims in a summary fashion. On November 6, 2008, petitioner filed objections to the findings and recommendations. Therein, he claimed that he was erroneously advised that "all I had to do to get federal review of all my claims was to cite the first claim in my state petition and attach it to the federal petition." The court presumed that petitioner believed that the other claims he asserted in his state habeas petition would be incorporated into his federal petition through attachment thereto. Accordingly, good cause appearing, the court vacated its findings and recommendations which recommended dismissal of the federal petition and granted petitioner thirty days leave to file an amended petition that set forth all of the claims he wished to present to

this court. On January 15, 2009, petitioner filed an amended petition.

**THE AMENDED PETITION**

In his amended petition, petitioner claims that the Sacramento County Superior Court sentenced him under the "serious felony" provision of California Penal Code § 1192.7. However, petitioner alleges, on October 20, 2003, he learned that California Department of Corrections and Rehabilitation records indicate that the trial court sentenced him under the "violent felony" provision of California Penal Code § 667.5(c). Under California Penal Code § 2933.1, a prisoner accrues no more than 15 percent of work-time credits if he was convicted of a felony offense in § 667.5(c). Petitioner contends that he is not able to properly earn credits because of the restrictions on violent felons. He claims that his Eighth and Fourteenth Amendment rights have been violated, and he asks the court to correct "his sentencing court order." (Am. Pet. at 5.)

**ANALYSIS**

I. The Petition Fails to State a Claim for Relief

To the extent that petitioner claims that the trial court erred in its interpretation or application of state sentencing law, petitioner fails to state a cognizable claim for federal habeas relief. A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). In this regard, even if petitioner could demonstrate that the trial court erred in its interpretation or application of state sentencing law, he would not be entitled to relief under § 2254. Habeas corpus may not be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. Cal., 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085; see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own

sentencing laws does not justify federal habeas relief."); Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir. 1993) (issues involving state sentencing error are not cognizable on habeas review).

II. The Petition is Untimely

To the extent that petitioner challenges the execution of his sentence, he has failed to allege or demonstrate how the California Department of Corrections and Rehabilitation's restrictions on his ability to earn work-time credits violates his rights under the United States Constitution or federal law. Moreover, even assuming for the sake of argument that petitioner's challenge to the execution of his sentence states a cognizable claim for federal habeas relief, his petition is untimely.

A. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); see also Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (the AEDPA one-year period of limitations "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment.").

B. Application of § 2244(d)(1)(D)

In an administrative appeal that he submitted to prison officials, petitioner writes that he learned of the California Department of Corrections and Rehabilitation's alleged "sentencing error" in his case on October 20, 2003. (Am. Pet. Ex. D.) For purposes of federal habeas relief, the statute of limitations began to run the following day, October 21, 2003, and expired one year later on October 20, 2004. See 28 U.S.C. § 2244(d)(1)(D). Petitioner did not file his original federal petition in this case until June 15, 2007. Accordingly, petitioner's federal petition is untimely by several years unless he is entitled to the benefit of tolling.

C. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

/////

Petitioner filed several habeas petitions in state court, all which were denied. He filed his first petition on May 19, 2004, in the Sacramento County Superior Court. (Am. Pet. Ex. H.) His final state habeas petition was denied by the California Supreme Court on June 21, 2006. (Id., Ex. L.) Even assuming petitioner is entitled to statutory tolling for the entire time his state habeas petitions were pending, his federal petition is still untimely. Approximately seven months elapsed under the statute of limitations from October 20, 2003, the date petitioner discovered the "factual predicate" of his current claims, to May 19, 2004, the date petitioner sent his first state habeas petition to the Sacramento County Superior Court. Nearly a full year elapsed under the statute of limitations from June 21, 2006, the date the California Supreme Court denied petitioner's final state habeas petition, to June 15, 2007, the date petitioner filed his original federal petition. Accordingly, petitioner's federal petition for a writ of habeas corpus was filed approximately six months after the statute of limitations expired and should be dismissed as time-barred.[1]

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for a writ of habeas corpus (Doc. No. 6.) be dismissed because it fails to state a claim and is barred by the applicable statute of limitations; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

---

[1] The court notes that petitioner pursued administrative remedies regarding his alleged "sentencing error" claim from October 22, 2003, until April 2, 2004, when the director's level of review denied his appeal. (Pet. Ex. D.) Even if this period were somehow subject to tolling under the statute of limitations, petitioner's federal petition would still be untimely by more than a month.

6

1  Findings and Recommendations." Petitioner is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
3  F.2d 1153 (9th Cir. 1991).
4  DATED: March 31, 2009.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stew1157.156(2)